**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAIAH JOEL PETILLO,<br><br>             Plaintiff,<br><br>        v.<br><br>FRANK BOLAN et al.,<br><br>             Defendants. | ) Case No. CV 16-2513-CJC (JPR)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>) |

    The Court has reviewed the Complaint, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On August 22, 2016, Plaintiff filed objections to the R. & R., in which he argues, at length, that his Complaint is not barred by Heck v. Humphrey, 512 U.S. 477 (1994), as the Magistrate Judge concluded. But saying that does not make it so. It makes no difference if, for example, the warrant he alleges was forged bore the purported signature of a judge other than the one who presided over his trial (see Objs. at 15-16) because the DNA and other evidence collected from it were nonetheless used to convict him. Both the Complaint and Plaintiff's objections are filled with allegations concerning the alleged falsity of the

evidence used to convict him of murder.[1]  Thus, Plaintiff is not convincing when he states that he "by no means" intends the Complaint to imply the invalidity of his conviction or sentence. (Id. at 18-19.)  Indeed, he later acknowledges that his success in this lawsuit "in the future . . . may be helpful" in getting his convictions "invalidated." (Id. at 19.)  But Plaintiff has the order wrong: he must first get his convictions invalidated and then he may bring the challenges outlined in the Complaint.

The Court accepts the findings and recommendations of the Magistrate Judge.  IT IS THEREFORE ORDERED that judgment be entered dismissing this action without prejudice.[2]

DATED: January 5, 2017

CORMAC J. CARNEY
U.S. DISTRICT JUDGE

---

[1] Plaintiff alleges in his objections that Defendants were motivated by racial animus in investigating and prosecuting him and that Heck does not apply because he does not directly challenge the evidence Defendants collected but rather their unconstitutional reasons for targeting him. (See Objs. at 17, 19.)  But no allegations of racial animus appear anywhere in the Complaint. Moreover, the Complaint and the objections repeatedly challenge the evidence used to convict him as forged, fabricated, or falsified.  Thus, Heck bars his lawsuit.  See Langston v. Enkojii, No. CIV S-10-2715 GGH P, 2010 WL 5481789, at *2 (E.D. Cal. Jan. 3, 2010) (Heck likely barred lawsuit by prisoner who claimed police initially arrested him based on racial profiling and then falsified evidence during prosecution).

[2] Plaintiff may refile this lawsuit only if he subsequently succeeds in getting his convictions overturned, however.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (dismissal under Heck is "required to be without prejudice so that [plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction").

2